<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4049**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN JAMES MEANS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CR-02-244)

─────────────

Submitted: March 15, 2004          Decided: April 16, 2004

─────────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Columbia, South Carolina; E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvin James Means pled guilty to participating in a conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, 21 U.S.C. § 846 (2000), and received a sentence of eighty-seven months imprisonment. Means' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's decision to deny Means a minor or minimal role adjustment, U.S. Sentencing Guidelines Manual § 3B1.2 (2002), but asserting that, in his view, there are no meritorious issues for appeal. Means has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

A minimal participant in a concerted criminal activity is one who lacks "knowledge or understanding of the scope and structure of the enterprise and the activities of others. . . ." USCG § 3B1.2, comment. (n.4). A minor participant is one who is "less culpable than most other participants," but is not a minimal participant. Id. A defendant has the burden of showing, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment. United States v. Akinkoye, 185 F.3d 192, 203 (4th Cir. 1999). Means was arrested in New Mexico while transporting three kilograms of cocaine and twelve grams of crack from California to South Carolina with co-defendant Dewayne Brewton, the

leader of the conspiracy, who had recruited Means to help transport drugs. The district court determined that Means did not qualify for a minor or minimal role adjustment. Our review of the record discloses that the district court's decision was not clearly erroneous. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard of review).

Pursuant to Anders, this court has reviewed the record for reversible error and has found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED